UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 06-CV-5971 (JFB)(AKT)

———————

PAULINE PHILLIPS, ET AL.,

Plaintiffs,

VERSUS

RECKSON ASSOCIATES REALTY CORP., SL GREEN REALTY CORP., MARATHON ASSET MANAGEMENT, LLC, NEW VENTURE MRE LLC, JASON BARNETT, SCOTT H. RECHLER, MICHAEL MATURO, DOUGLAS CROCKER II, ELIZABETH MCCAULS, RONALD H. MENAKER, PETER QUICK, LEWIS S. RANIERI, JOHN F. RUFFLE, STANLEY STEINBERG,

Defendants.

———————

MEMORANDUM AND ORDER
November 15, 2006

———————

JOSEPH F. BIANCO, District Judge:

On November 8, 2006, defendants removed the above-entitled action from state court. Later that day, plaintiffs submitted a proposed Order to Show Cause seeking to remand the action to state court. On November 13, 2006, plaintiffs submitted papers in opposition to the proposed Order to Show Cause and a cross-motion to dismiss. For the reasons that follow, plaintiffs' motion to remand is granted, defendants' cross-motion is denied, and the case is hereby remanded to the Supreme Court of the State of New York, Nassau County.

I. BACKGROUND[1]

Plaintiffs originally filed this action in New York State Supreme Court, Nassau County, attacking the proposed merger between defendants Reckson Associates Realty Corp. ("Reckson"), a real estate

---

[1] The procedural history and facts of this case are drawn from the docket sheet, the complaints in this action and a related action named herein, the notice of removal, and the respective affidavits filed by counsel for both sides.

investment trust incorporated under Maryland law, and SL Green Realty Corp. ("SL Green").

On August 4, 2006, members of the same class of plaintiffs named in this action filed a separate action, entitled *Lowinger v. Reckson Associates Realty Corp.*, Case No. 012524/06, in New York State Supreme Court, Nassau County. On October 24, 2006, state court Judge Stephen A. Bucaria issued an Order in the *Lowinger* action, finding that "New York has the paramount interest in determining whether Reckson's board of directors breached a fiduciary duty." *See Lowinger,* Case No. 012524/06, October 24, 2006 Order, at 9. Subsequently, defendants removed the *Lowinger* action to federal court, pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2).

Several days after defendants removed the *Lowinger* action, plaintiffs filed an amended complaint in the instant action while it was pending in state court. (Defs.'s Aff. ¶ 9.) The amended complaints in the *Lowinger* action and the instant action were nearly identical – asserting the same claims on behalf of the same class of plaintiffs against the same defendants with respect to the same proposed merger – except that, in the instant action, plaintiffs alleged that their claims arose under "Maryland law." (*See* Pls.' Aff. ¶¶ 4-5; Defs.' Aff. ¶ 9.)

While the instant action was pending in state court, plaintiffs presented a proposed order to show cause to Judge Bucaria, who was presiding over both the *Lowinger* and the instant actions. Judge Bucaria signed and issued the order, requiring defendants to show cause on November 16, 2006, as to why a preliminary injunction should not be issued "on the basis . . . that plaintiffs have established . . . a likelihood of ultimate success on the merits based upon the applicable statutory or common law of the State of Maryland." Order To Show Cause, November 3, 2006, Supreme Court of the State of New York, County of Nassau (hereinafter, "November 3 Order").

Plaintiffs assert that the New York Supreme Court's November 3 Order establishes that Maryland law governs the instant action. Accordingly, plaintiffs contend, the state-law "carve-out" in SLUSA applies and this Court must remand the action to state court. Defendants argue that the November 3 Order did not constitute a determination that the instant action is governed by Maryland law. Rather, defendants contend, under New York law, an order to show cause should not be regarded as a finding by the court on the merits and does not preclude this Court from making an independent determination regarding the applicability of SLUSA's state-law "carve-out" provision. Moreover, defendants assert that, in deciding which law governs the instant action, this Court (1) must disregard plaintiffs' self-identification of their claims as arising under Maryland law and, instead, (2) should be guided by the state court's finding in the *Lowinger* action that New York law governed a nearly identical case.

2

## II. Discussion

### A. The Standard for Removal

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)). "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, MDL 1358 (SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. April 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). Further, "out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute[, 28 U.S.C. § 1447,] narrowly, resolving any doubts against removability." *Federal Ins. Company v. Tyco International Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006); *see Somlyo v. J. Lu-Rob Enter., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991). In this case, defendants seek to establish federal jurisdiction by demonstrating that the case is subject to removal pursuant to SLUSA.

### B. The Securities Litigation Uniform Standards Act

SLUSA effectively "directs the removal and dismissal of class actions brought under state law alleging misrepresentation in connection with the purchase or sale of a covered security." *Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp. 2d 377, 380 (E.D.N.Y. 2002). Four conditions must be satisfied to remove and to dismiss a case pursuant to SLUSA:

> (1) [T]he underl[y]ing suit must be a "covered class action"; (2) the action must be based on state or local law; (3) the action must concern a "covered security"; and (4) the action must allege that defendants have misrepresented or omitted a material fact or employed a manipulative device or contrivance "in connection with the purchase or sale" of the security at issue.

*Felton v. Morgan Stanley Dean Witter & Co.*, 429 F.Supp 2d 684, 690-91 (S.D.N.Y. 2006) (citing *Merrill Lynch, Pierce, Fennder & Smith, Inc. v. Dabit*, — U.S. — , 126 S.Ct 1503, 164 L.Ed.2d 179 (2006)).

Plaintiffs do not contest that the instant action satisfies each of the requirements for removal and dismissal pursuant to SLUSA. Rather, plaintiffs seek to remand this action on the basis of a "carve-out" provision that bars removal of any action that, although it satisfies the SLUSA requirements, is "based upon the statutory or common law of the State in which the issuer is incorporated." *See* 15 U.S.C. § 78bb(f)(3)(A)(i). Here, plaintiffs contend that the instant action is based upon the law of the State of Maryland – the state in which the "issuer" in this case, defendant Reckson, is incorporated – and, therefore, the action cannot be removed pursuant to SLUSA.

3

### 1. The State Law Applied to the *Lowinger* Action in State Court

It appears that the state court determined that New York law, rather than Maryland law, governed plaintiffs' claims in the *Lowinger* action. The November 3 Order confronted the question of the proper "choice-of-law," conducted a "governmental interest analysis," and concluded that "New York has the paramount interest in regulating the conduct of fiduciaries" making corporate decisions in the State of New York. *See Lowinger,* Case No. 012524/06, October 24, 2006 Order, at 8-9. Accordingly, were this Court considering removal of the *Lowinger* action, the law of the case doctrine would likely require this Court to abide by the state court's decision and to find that New York law applied to the *Lowinger* action.[2] However, while the *Lowinger* action is nearly identical to the instant action, the decisions of the state court regarding the *Lowinger* action do not constrain this Court's consideration of the instant action.[3]

### 2. The State Law Applied to the Instant Action in State Court

Based on the proceedings in state court, this Court cannot conclude at this juncture, as defendants contend, that the state court has determined that New York law governs the instant action. One state court judge – Judge Bucaria – handled both the *Lowinger* action and the instant action. On October 24, 2006, the state court judge appeared to determine that New York law governed plaintiffs' claims in the *Lowinger* action. Ten days later, on November 3, 2006, the state court judge signed an Order to Show Cause in the instant action requiring defendants to offer arguments regarding the likelihood that plaintiffs' claims in the instant action would succeed under the law of the State of Maryland.

The defendants aptly point out that, under New York law, an *ex parte* order to show cause does not constitute a decision on the merits. *See, e.g., Coppola v. Motor Vehicle Accident Indem. Corp.*, 399 N.Y.S.2d 761, 762 (N.Y. App. Div. 1977) (equating a motion on notice with an order to show cause); David S. Siegel, *Siegel's N.Y. Prac.* § 248 (4th Ed. 2006 ("An order to show cause is basically only a substitute for a notice of motion.")). Therefore, the defendants contend, the signed November 3 Order to Show Cause should be seen as simply adopting the language inserted by plaintiffs in their proposed order to show cause, and should not be considered by this Court as bearing upon what law applies to this case.

---

[2] The law of the case doctrine posits that, if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case. *See Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996); *see also United States v. Thorn*, 446 F.3d 378, 383 (2d Cir. 2006); *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.") (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)) (internal quotation marks omitted).

[3] Clearly, the state court's apparent determination that New York law governs the claims in the *Lowinger* action does not constitute the law of *this* case – the choice-of-law ruling in the *Lowinger* action was rendered in a separate action. *See Legal Aid Society v. City of New York*, 114 F. Supp. 2d 204, 224 (S.D.N.Y. 2000) (internal quotation marks omitted) (law of the case doctrine "applies only where an earlier issue was decided in the same case").

While not disregarding the careful distinctions drawn by defendants, this Court finds that a signed order to show cause issued by a New York court constitutes more than an unsupported *ex parte* assertion. Under New York law, when the state court signs and issues an order to show cause, it "grants" the proposed order submitted by plaintiff. *See* N.Y. C.P.L.R. § 2214(d) (1991) ("The court in a proper case may *grant* an order to show cause, to be served in lieu of a notice of motion.") (emphasis added); *cf. Grant v. Senkowski*, 95 N.Y.2d 605, 609 (N.Y. 2001) ("Generally, litigants are required to file a *signed* order to show cause to commence a proceeding because an unexecuted order to show cause is of no legal effect.") (internal quotation marks and citation omitted). Thus, a signed order to show cause represents *some* determination by the court regarding whether the requested relief merits consideration. That a signed order to show cause represents more than the bare assertion of a party is reflected in the broad powers retained by New York courts when issuing an order to show cause to determine (1) whom to serve with the order, (2) the time and place of its return, (3) the method by which the order is to be served, and (4) whether to include a provision in the order to stay proceedings or enjoin out-of-court conduct. *See* Siegel's N.Y. Prac. § 248. Moreover, the failure to abide by the directives contained in a signed order to show cause may justify dismissal of an action in certain circumstances. *See, e.g., People ex rel. Brown v. Greene*, 781 N.Y.S.2d 709, 710 (N.Y. App. Div. 2004) ("[F]ailure to follow the service requirements set forth in an order to show cause is a jurisdictional defect requiring dismissal.").

Therefore, this Court finds that the November 3 Order to Show Cause demonstrates, at least, that the New York court is *considering* the application of Maryland law, rather than New York law, to the instant action. Thus, resolving "any doubts against removability," *Tyco*, 422 F. Supp. 2d at 367, and in light of the state court record as it currently stands, it is possible that the state court may determine plaintiffs' claims to be "based upon the statutory or common law" of Maryland, the "[s]tate in which the issuer is incorporated," and, accordingly, satisfy the "carve-out" provision in SLUSA.[4] 15 U.S.C. § 78bb(f)(3)(A)(I). Therefore, as this case cannot be removed under SLUSA until it is clear that the "carve-out" provision does not apply, this Court currently lacks subject matter jurisdiction and hereby remands the case, pursuant to 28 U.S.C. § 1447(c), to state court.

This Court recognizes that the state court, given the similarities between the *Lowinger* action and the instant action, may quicky determine in addressing the merits of the November 3 Order to Show Cause that New York law applies to this action as well. Nevertheless, in an abundance of caution, this Court will allow the state court to give the issue its full consideration. Of course, if the state court comes to decide that New York law – rather than the law of Maryland, where Reckson is incorporated – governs plaintiffs' claims in the instant action, defendants are free, once again, to remove the case and to invoke this Court's jurisdiction pursuant to

---

[4] The Court also notes that in the *Lowinger* action, the New York court decided that New York law applied despite the contention of *both* parties that Maryland law should govern plaintiffs' claims. *See* Transcript of Proceedings on Sept. 14, 2006 at 4, 62, *Lowinger v. Reckson*, Case No. 012524/06 (attached as Ex. M to Defs.'s Mem.).

5

SLUSA.[5]  *See, e.g., Doe v. American Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993) ("We see nothing in Section 1447(d) prohibiting the filing of a second removal petition pursuant to Section 1446(b). None of the cases [submitted to the court] stand for the proposition that a defendant may not seek re-removal based on grounds different than the first removal."); *One Sylvan Road North Associates v. Lark Intern., Ltd.*, 889 F. Supp. 60, (D.Conn. 1995) ("[T]he fact that a case was initially removed and remanded does not in of itself preclude removal a second time around."); *see also* 14C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3739 (3d ed. 1998) ("[I]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible.").

C. ALTERNATIVE GROUNDS FOR DISMISSAL

Defendants assert that, even if this action could not be removed pursuant to SLUSA, this Court should dismiss the instant action, *without* reaching the issue of its subject matter jurisdiction, in favor of the pending actions in Maryland state court that arise from the same proposed merger at issue here. Federal courts may avoid "a difficult and novel question" of subject-matter jurisdiction by dismissing a case solely on "straightforward personal jurisdiction" grounds, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999), or on other "non-merits discretionary" grounds, such as *forum non conveniens*. *See Turedi v. Coca Cola Co.*, __ F. Supp. 2d __,

---

[5] A defendant must file the notice of removal within thirty days from which it "may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b).

2006 WL 3187156, at *8, *21-22 (S.D.N.Y. Nov. 2, 2006). Here, defendants assert that the instant action should be dismissed, without reaching the question of removability, in order to allow the state courts whose corporate law applies – that is, Maryland state courts – to determine what constitutes a breach of fiduciary duty under that state's corporate law.

This Court declines to dismiss the instant action on non-merits discretionary grounds. First, the question before the court does not present such an extraordinary or intractable dilemma so as to require avoidance of the question altogether. *See Ruhrgas AG*, 526 U.S. at 587 ("[I]n most instances subject-matter jurisdiction will involve no arduous inquiry. In such cases [involving issues of state law], both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.") (internal citations omitted); *see also Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) ("[C]ustomarily a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case.").

Second, although they do not refer to it as such, defendants assert that the "non-merits discretionary" ground for dismissal should be abstention in deference to parallel litigation pending in state court. That is, defendants ask this Court to exercise a kind of abstention called *Colorado River* abstention. Generally, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," and *Colorado River* abstention, in particular, "can be justified . . . only in . . . exceptional circumstances." *Colorado River Water Conservation Dist. v. United States*, 424 U.S.

6

800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Second Circuit has noted that such "exceptional circumstances" exist only where "there is concurrent state-court litigation whose resolution could result in comprehensive disposition of litigation." *In Re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 775 (2d Cir. 1996) (citing *Colorado River*, 424 U.S. at 817) (internal quotation marks omitted).

This Court finds that "the narrow and specific limits prescribed by . . . abstention doctrine" do not favor abstention under these circumstances in this case. *See Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 523 (2d Cir. 2001). To determine whether *Colorado River* abstention is appropriate, the district court must weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983)). The factors include:

> (1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation,(4) the order in which jurisdiction was obtained, (5) whether state or federal law supplies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*See id*. This Court has considered each factor and, in light of the heavy weight in favor of the exercise of jurisdiction, finds that "considerations of wise judicial administration" counsel against the application of an "extraordinary and narrow exception" to this Court's duty to adjudicate a controversy properly before it, especially at this early juncture of the case, while considering a motion to remand raised in an order to show cause. *See id*. at 76 (quoting *Colorado River*, 424 U.S. at 817).

Moreover, this Court notes that it would not necessarily serve the purpose of *Colorado River* abstention – to "conserve federal judicial resources" – to dismiss the case in favor of parallel state litigation rather than to remand the case to state court on jurisdictional grounds. *See Woodford*, 239 F.3d at 522 ("[G]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (quoting *Village of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999)); *see also Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980) (deciding to abstain "for purposes of judicial economy under *Colorado River*").

## III. Conclusion

For the foregoing reasons, plaintiffs' motion to remand is GRANTED. Defendants' motion to dismiss is DENIED. This case is remanded to the New York State Supreme Court, Nassau County.

SO ORDERED.

---

JOSEPH F. BIANCO
United States District Judge

Dated: November 15, 2006
Central Islip, NY

\* \* \*

Plaintiffs are represented by Robert Rothman and Samuel H. Rudman, Esqs., Lerach Coughlin Stoia Geller Rudgman & Robbins LLP, 58 South Service Road, Suite 200, Melville, New York 11747; Matthew M. Houston, Esq., Wechsler Harwood LLP, 448 Madison Avenue, 8th Floor, Suite 801, New York, New York 10022; Bruce G. Murphy, Esq., Law Offices of Bruce G. Murphy, 265 Llwyds Lane, Vero Beach, Florida 32963; and Steven R. Schlesinger, Esq., Jaspan, Schlesinger & Hoffman, LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530. Defendants are represented by Ben M. Germana and Robert B. Mazur, Esqs., Wachtell Lipton Rosen & Katz, 51 West 52nd Street, New York, New York 10019; Mark S. Mulholland, Esq., Ruskin Moscou Faltischek, P.C., 190 EAB Plaza, East Tower, 15th Floor, Uniondale, New York, 11556; John G. Hutchinson and John Joseph Lavelle, Esqs., Sidley Austin LLP, 787 Seventh Avenue, New York, New York, 10019; Stephanie J. Goldstein, Esq., Fried Frank Harris Shriver & Jacobson, LLP, One New York Plaza, New York, New York 10004; and Aaron H. Marks and Mark P. Ressler, Esqs., Kasowitz, Benson, Torres & Friedman, LLP, 1633 Broadway, New York, New York 10019.